## HOLMES *v.* ROGERS *et al.*

A DECREE fairly entered by consent of an Attorney, is as binding upon his client as a decree entered after resistance.

The authority of an Attorney, who appears, will be presumed, and his action will bind the party, unless in cases of fraud or insolvency of the Attorney. Nor will such action be reviewed on the ground of mistake, unless the mistake be unmixed with any fault or negligence of either the party or his Attorney.

It seems that the appearance of an Attorney wholly unauthorized, there being no fraud and no allegation of insolvency, would not give the party a right to assail the judgment on that ground.

If the Attorney assents to the decree, the assent need not be made in open Court by words spoken by the Attorney. It may as well be made by stipulation out of Court. For it is the fact that is effectual, not the mere mode of its authentication to the Court. If that assent exist at the time of the action of the Court, or the entering of the decree, it is enough.

When a decree is made by consent of the Attorney, it is no ground of error that the decree embraces land not in the complaint; and, even if error, the remedy is by appeal.

APPEAL from the Twelfth District.

On the 31st day of July, 1854, Edmund Laffan filed a bill in equity against Isaac E. Holmes and plaintiff, claiming that Holmes had been left by him as his agent in charge of certain real estate in the city of San Francisco; that he had, in violation of his trust, caused said property to be sold on execution against him, Laffan, and had become the purchaser thereof, and afterwards had conveyed the same to the present plaintiff, James G. Holmes, who had united with the said Isaac E. Holmes, his brother, to defraud the said Laffan—and the bill prayed an account of rents and profits, and a reconveyance of the property. To this bill the two defendants made separate answers. The defendant, Isaac E. Holmes, denied all the equities of the bill; averred that he had acted with the best faith to the said Laffan; that he had bought the property in question with the full knowledge and acquiescence of Laffan, who relinquished and abandoned it to him, and had declined to redeem the most valuable portion when full opportunity was offered him to do so. The defendant, James G. Holmes, the present plaintiff, answered that he had purchased from his codefendant for valuable consideration and without any notice whatsoever of any fiduciary relations between Isaac E. Holmes and Laffan. The defendants were both residing in Charleston, South Carolina, and were absent from the State of California. The answer of the defendant, Isaac E. Holmes, was signed by him *propria persona.* Mr. Louis Blanding appeared as the Attorney of James G. Holmes, the present plaintiff. When

the pleadings were in this position, and before the case was brought to trial, on the 8th of June, 1855, a certain instrument purporting to be a compromise of all matters in dispute between the parties to the said action was filed in the cause, executed by Laffan in person, on the one part, and on the other part by Hall McAllister, as professed Attorney in fact of the defendant, Isaac E. Holmes, and by Wm. Blanding as professed Attorney in fact of plaintiff; and on the 27th of the month an instrument supplementary to the former, and executed by Wm. Blanding for both defendants, was filed in the cause. These instruments surrendered to Laffan all the property claimed by him in the suit, and agreed to transfer to him other property belonging to plaintiff, which had never belonged to, or been claimed by Laffan, and they provided for the entry of a decree, directing a conveyance by defendants to Laffan of all the property mentioned in them. On the 18th of July, 1855, a decree was accordingly entered, ordering the conveyance to Laffan of all the property described in the complaint, and other property not therein claimed, and which had never belonged to Laffan. The decree purports to have been made " by consent of parties " " with the consent of the defendants by their respective Attorneys in open Court." This decree the present bill prays may be set aside, and that the plaintiff may be allowed to make his defense to that action, according to the averments of his answer therein. The bill details at length the original transactions between Isaac E. Holmes and Laffan, and shows no fraud on the part of the agent.

The bill then alleges that the instruments of compromise upon which the decree was founded were made without authority and were void ; that they were made by the friends of the defendant, I. E. Holmes, and from good motives, but with an imperfect knowledge of the facts, and without authority. And as to the consent of the Attorney-at-Law, recited in the decree, it is alleged, " that the said Louis Blanding, the Attorney of record of this plaintiff, defendant in that action, had no authority to consent to the rendering of said decree, nor was he in fact, as recited in said decree, present in Court and consenting to the rendering of said decree, nor did he in fact exercise his judgment on behalf of this plaintiff in said matter, but having a great regard for the character and reputation of the said I. E.

Holmes, and being misled in reference thereto by an imperfect acquaintaince with the true facts of the controversy with the said Laffan, which facts he made diligent efforts to ascertain, but could not learn, he neglected and omitted the strong ground of defense which this plaintiff had in law and equity to said action, and allowed the said Wm. Blanding and Hall McAllister to compromise and arrange the whole matter as they supposed best for the said I. E. Holmes, altogether overlooking the legal position and defense of this plaintiff."

For further facts see opinion.

Defendants and intervenors demurred, generally, to the complaint. The demurrers were sustained, and final decree was entered dismissing the complaint. Plaintiff appeals.

*Whitcomb, Pringle & Felton,* for Appellant, argued that the decree should be set aside because : 1st. The consent or will of the party was not in fact given by his counsel, and hence that the decree was rendered through a mistake of fact. 2d. That even if the counsel consented, he was not authorized to bind plaintiff by such consent, and hence there was no consent of the party.

1st. The consent of counsel was not in fact given. Hall McAllister and Mr. Blanding assumed the settlement of the controversy with Laffan, and made a written agreement, by which all the property that Laffan claimed was given up to him ; and Louis Blanding, the Attorney-at-Law, believing these gentlemen to be acting in the best interest of I. E. Holmes, whose real position he did not understand, gave up to them the management of the whole matter and allowed them to close the compromise without interposing the true defense of his own client. Thus there was not actual consent to the decree by Louis Blanding, but rather an abandonment of the case, and the pleadings were in such position that nothing short of an actual consent of counsel could justify the decree. There were no proofs; there was no default; on the contrary, there was a denial of all the equities charged in the bill.

2d. But we claim that such consent as was necessary here is not within the scope of the ordinary powers of counsel.

And again, that it was not within the authority which the counsel produced to justify his action, or rather non-action, here.

(*Howe* v. *Lawrence,* 2 Zabriskie N. J. 99 ; *Derwort* v. *Loomer,* 21 Conn. 245, 256 ; *Lamson* v. *Bettison,* 7 Eng. 401 ; 25 Penn. 264 ; *Vail* v. *Adm'r of Jackson,* 15 Vt. 314, and Cases cited ; *Garvin* v. *Lowry,* 7 S. & M. 24 ; 3 How. 314 ; 2 J. J. Marsh, 69, 70, 71; *Smith* v. *Bossard,* 2 McCord's Ch. 409 ; *Shaw* v. *Riddle,* 2 How. Pr. 246 ; *Gaillard* v. *Smart,* 6 Cow. 386 ; *Connoss* v. *Challes,* 17 L. J. Exch. 319 ; *Swinfen* v. *Swinfen,* 87 Eng. C. L. 369 ; *Holker* v. *Parker,* 7 Cranch, 436 ; *Savary* v. *Chapman,* 11 Adol. & El. 829.)

But the Respondents contend, that even admitting the above, there is no relief against a consent decree unless it were obtained by fraud.   And that the remedy the Appellant has invoked here, is unknown to equity proceedings ; that a bill to set aside or impeach a decree can only be brought for fraud in obtaining the decree.

I.   Undoubtedly, a consent decree cannot be set aside by bill of review, appeal, or rehearing, because there is, strictly speaking, no·error in a consent decree.

II.   But the Respondents contend that even an original bill can impeach a decree, whether on consent or otherwise, only in the case of fraud.

The books speak of a bill to impeach a decree for fraud, because such is the prevailing character of such original bills, fraud being the chief and most usual ground of equity jurisdiction in such cases, but that the same kind of relief is in fact available in the kindred cases of accident and mistake.   We claim that there is relief in equity against a consent alleged, which was not in fact given, the allegation being made by accident or mistake, or against a consent which was actually given through accident or mistake.

This decree is only a part of an executory contract.   The instruments of compromise provide for the surrendering up of a large part of the plaintiff's property, for the entering of a decree to enforce part of the agreement, and for conveyance by the parties of the lots in question ; some of these lots are included in the decree, though not subjects of the action, and some of them are not included in the decree.   The compromise proceeds to the entry of the decree, when the parties repudiate it, and declare

that they are not bound by the compromise. They are clearly entitled to set aside the uncompleted agreement because there was no authority to execute it; they are not bound to convey the property not mentioned in the decree; are they bound to convey the property improperly embraced in the decree because not the subject of the action, or are they only bound to convey the property more regularly embraced in the decree because the subject of the action? (See *Anderson* v. *Woodford*, 8 Leigh, 316; *Reid* v. *Clark*, Speer's Eq. 343; *Piche* v. *Emerson*, 5 N. H. 394; 1 Vesey, 92; *Smith* v. *Bossard*, 2 McC. Ch. 409.)

*F. J. Lippitt*, also for Appellant.

I. A decree may be impeached by original bill, without charging fraud.

1. The term " original bill to impeach a decree for fraud " is a mere *nomen generalissimum;* there are bills that are classed in this category in which no fraud is alleged. (Story's Eq. Pl. Secs. 427, 428, and Note 1.) 2. Courts of Equity will open a decree or other proceeding taken against a party by mistake or surprise, as well as fraud. (1 Vernon, 131, Case 117; *Parker* v. *Dee*, 3 Swanston, 534, Note; *Smith* v. *Bossard*, 2 McCord's Ch. 409; *Kemp* v. *Squire*, 1 Vesey, Sen. 205, 206, 207; *Denton* v. *Noyes*, 6 Johns. 296, 301, 304, 306; *Brooks' Adm'r* v. *Love*, 3 Dana, 7; *Town of Alton* v. *Town of Gilmanton*, 2 N. H. 521, 522; *Pike* v. *Emerson*, 5 Id. 394; *Decarters* v. *Lafarge*, 1 Paige, 576; *Millspaugh* v. *McBride*, 7 Paige, 512; *Erwin* v. *Vint*, 6 Munford, 267—270; *Callaway* v. *Alexander*, 8 Leigh, 118, 119; *Anderson* v. *Woodford*, 8 Leigh, 316, 326, 328.) 3. By Section 68 of the Practice Act, a party is relievable " from a judgment, etc. taken against him through his mistake, inadvertence, surprise, or excusable neglect;" and no time is limited for the application. (*People* v. *Lafarge*, 3 Cal. 130, 134, 135, 136.)

II. Even if it were true that a decree can be impeached only for fraud, this would not affect the present bill, which is to set aside certain instruments of compromise, which the plaintiff never authorized, and under which the decree in question was entered.

III. A decree may be opened, though entered by consent of Counsel.

1. The consent to the entry of the decree was not actually given by the plaintiff's counsel, Louis Blanding, but by his brother, who had assumed to act for the plaintiff. 2. It is doubtful whether it be within the scope of the ordinary authority of a counsel to consent to a special and final decree in equity. (*Beach* v. *Shaw*, 4 Barb. 294.) 3 The agency of an Attorney or counsel is limited to the prosecution or defence of the suit. He is clothed with all incidental powers which may be requisite for the successful fulfillment of the object of his agency; but not to make a compromise, nor, withdrawing the suit from the determination of the Court, and putting himself *in loco judicis*, to consent to a final decree, definitively settling the rights of his client. (*Howe* v. *Lawrence*, 2 Zabriskie, N. J. 106; *Holker* v. *Parker*, 7 Cranch, 452—455; *Vail* v. *Jackson's Administrator*, 15 Vermont, 321; *Smith* v. *Bossard*, 2 McCord's Ch. 409; *Mayor* v. *Foulkrod*, 4 Wash. C. C. 511; *People* v. *Lamborn*, 1 Scam. 124; *Filby* v. *Miller*, 25 Penn. State, 267; *Commissioners of Accounts* v. *Rose*, 1 Desauss, 469—470; *Kimball* v. *Gearheart*, 12 Cal. 27.)

Moreover, certain other property, not claimed in the suit, was stipulated to be also given up to Laffan, and although this property is not mentioned in the decree, the plaintiff's title to it is clouded by the agreement so long as it is permitted to stand. 4. Granting that a decree made by consent of counsel will not be set aside because the consent was not authorized by his client, it is no answer to the bill, which does not ask relief on this ground, but on the ground that the counsel's consent was given, not only under circumstances which prevented a fair use of his judgment, but under a supposed compromise which had never been made. If the plaintiff himself had consented to the decree, under a mistake as to an important fact, it would be a sufficient ground to set aside. 5. That courts may open decrees made by mistake of counsel, appears from authority, as well as principle. (*Beach* v. *Shaw*, 4 Barb. 293, 294, 295; *Denton* v. *Noyes*, 6 Johns. 301, 304, 306; *Anderson* v. *Woodford*, 8 Leigh, 316, 326, 328; *Swinfen* v. *Swinfen*, 87 Eng. C. L. 364; *London Times* of July 29th, 1858.)

*Hoge & Wilson*, and *D. Rogers*, for Respondents, argued: I. That the complaint was not good as a bill of review. New mat-

ter is not pretended, and any error of law is barred by time. (Story's Eq. Pl. 450—455; 1 Hop. 104.) II. The complaint is not good as an original bill. A decree cannot be impeached by an original bill, except on the ground of fraud. (*Davoe* v. *Fanning,* 4 Johns. Ch. 202, 203, and Cases there cited; *White* v. *Bank U. S.* 7 Ohio, 528; 6 and 7 Cond. Ohio, 233; *Brooks, Adm'r* v. *Love,* 3 Dana, 7, and Cases cited; Story Eq. Pl. 483, Sec. 426; Id. 647, Secs. 638, 639; 3 Dan'l Ch. Pr. 1724; Id. 1785; *Gifford, Adm'r* v. *Thorn et al.* 1 Stockton, N. J. 722, etc.)

This case is like *Barnett et al.* v. *Kilbourne,* (3 Cal. 327,) and the language of the Court there is appropriate to the case at bar. It is, in reality, "only an application for a new trial," and the "ignorance of counsel," or "insufficient conduct in the prosecution of the first suit, do not constitute grounds for relief in chancery." III. That the Attorneys had the power to consent to the decree on the original suit, and that no relief can be granted on account of their negligence, appears from the following authorities:

"There is no difference between decrees entered by consent, and decrees after argument. If fairly entered, they are equally valid and operative, so long as they remain in force." (*French* v. *Shotwell,* 5 Johns. Ch. 568; S. C. in Ct. of Errors, 20 Johns. 668; *Bradish* v. *Magee,* Amb. 229; *Costa* v. *Clark,* 3 Edw. Ch. 410; *Harrison* v. *Rumsey,* 2 Ves. Sen. 488; 1 Hoff, Ch. Pr. and cases there cited; *Descarters* v. *La Forge,* 1 Paige, Ch. 574; *Monell* v. *Lawrence,* 12 Johns. 534; *Descarters* v. *La Forge,* 1 Paige, C. 574; *Pierce* v. *Perkins,* 2 Dev. Eq. 252; *Story* v. *Hawkins et al.* 8 Dana, 13; see, also, *Talbot* v. *McGee,* 4 Mon. 377; *Glass* v. *Thompson et al.* 9 B. Mon. 237; *Farmers' Trust and Canal Bank* v. *Ketchum et at.* 4 McLean, 120; *Town of Alton* v. *Town of Gilmanton,* 2 N. Ham. 520; *Pike* v. *Emerson,* 5 Id. 393; *Hanson* v. *Hoitt,* 14 Id. 56; *Kent* v. *Richards,* 3 Maryland Ch. Dec. 392; *Hench* v. *Todhunter,* 7 Har. & Johns. 275; *Thornburg* v. *McAulay.* 2 Md. Ch. Dec. 427; *Greenleaf* v. *McDowell,* 4 Iredell Eq. 484; *Grice* v. *Rix,* 3 Dev. 64; *Suydam* v. *Pitcher et al.* 4 Cal. 281; *Markley* v. *Rand,* 12 Id. 275; *Gifford, Adm'r* v. *Thorn et al.* 1 Stockton, N. J. C. 722, 723.)

IV. Counsel say: "That this consent or will of the party was

not in fact given by his counsel, and hence that the decree was rendered through a mistake of fact, and should be set aside."

The case of *Atkinson* v. *Monks*, (1 Cowen, 709,) furnishes an answer to this proposition. "The decree, in everything that respects the reference, purports to have been made on consent. If the Chancellor was mistaken in supposing Atchinson's counsel to have consented to it, application should have been made to him to have the mistake as to the consent corrected. That course not having been pursued, this Court cannot try the question whether there was a mistake or not. We must take the facts to be as stated in the decree, and entirely disregard the suggestion of a mistake. No appeal or rehearing lies from a decree made by consent." (2 Madd. Ch. Pr. 577; *Bradish* v. *Magee,* Amb. 229.)

But the counsel cites the 68th Section of the Practice Act, (*People* v. *Lafarge,* 3 Cal. 130,) and asserts that "an application after the term, can properly be made only by original bill." That case was a bill in equity, to set aside a judgment at law for fraud. Judge Heydenfeldt treated it as the ordinary bill in equity on that ground, but Judge Wells treated it as a motion, and maintained that it could be made after a term elapsed. In *Baldwin* v. *Cramer et al.* (2 Cal. 583,) it was expressly held, "that after the expiration of a term of the District Court, no power remains in it to set aside a judgment or grant a new trial." The latter cases are all the same way. (See *Suydam* v. *Pitcher et al.* 4 Cal. 280, 281; *Shaw* v. *McGregor,* 8 Id. 521.)

But the decree in this case recites that, "This cause coming on for hearing and trial, by consent of the parties, by the Court, and the same being considered by the Court," etc. From this it may be implied that a trial was had, and the decree of the Court rendered after deliberation on the evidence. The fact of a consent to a decree would not vitiate it, if otherwise good. The decree imports a verity, and all the intendments are those that support it.

"Where there are two presumptions, both equally reasonable, arising upon the face of the record, this Court is bound to adopt that which will maintain the judgment of the Court below." (*Whipley* v. *Flower,* 6 Cal. 632; see, also, *Nelson* v. *Lemmon,* 10 Id. 49; *Girwall* v. *Henderson,* 7 Id. 290; *Ford* v. *Halton,* 5 Id.

521; *White* v. *Abernethy et al.* Id. 3, 99; *Blaney* v. *Findley*, 2 Black. 338; *Evans* v. *McMahon*, 1 Ala. 45; *Ellis* v. *Dunn*, 3 Ala. 632; *Ice* v. *Manning*, 3 Id. 121; *Dearing* v. *Smith*, 4 Id. 432; *Gary* v. *Wood*, Id. 296.)

We submit that: 1. The decree sought to be impeached is good as rendered on "a hearing and trial." 2. It is good as a consent decree. 3. That the counsel for the respective parties did, in fact, and without mistake, consent. 4. That counsel may consent to a decree that will bind their client. 5. If there was a mistake in supposing counsel did consent, that it should have been corrected on motion at the same term of Court, and it is now too late. 6. That the complaint is not a bill of review. 7. That no decree can be impeached by an original bill, except for fraud.

V. As to the compromise outside of the decree, this Court has nothing to do with it, and no jurisdiction concerning it. If the "professed Attorneys in fact" had no authority to make the agreement, it does not bind the brothers Holmes: they have not yet conveyed, and have the title in their names. If out of possession, they can recover in ejectment. If in possession, they can file a bill to quiet title.

BALDWIN, J. delivered the opinion of the Court—TERRY, C. J. concurring.

This is a bill filed to vacate a decree rendered in a case of Edmund Laffan *v. The Plaintiff and others*, on the 18th July, 1855.

It is not a bill of review technically so called, for it is not brought either for error appearing on the record, or upon the discovery of any new matter. (Story's Eq. Plea. 450.)

The bill charges that, on the 16th December, 1851, Edmund Laffan was the owner of certain real estate in the city of San Francisco, and that Isaac E. Holmes was his agent and Attorney; that Holmes became, in various ways, the owner of the property, and conveyed it to the plaintiff; that Laffan sued for this property, alleging that Holmes was his agent, and bought in violation of his trust for his own use; that the fact was that Holmes was fully authorized and justified in buying the property, of which he produces proof of letters of Laffan and otherwise; that a decree, a copy of which appears as an exhibit, was

made in this case in favor of Laffan; that this decree seems to have been regularly made by the consent of the plaintiffs' and of the defendants' Attorneys; that this decree was rendered in consequence of certain written agreements entered into by Laffan in person, and by I E. Holmes, by his Attorney, and by J. G. Holmes, by his Attorney, but without authority on the part of these agents.

No fraud is averred, nor the insolvency of the Attorney, and no sufficient allegation that these Attorneys were not authorized to appear in the case and answer for the defendants. Nor is any charge made of any newly discovered testimony. On the contrary, it seems by the allegations of the bill that the proofs relied upon by the plaintiff were in the possession and knowledge of the Attorneys. Answers setting up the defense were also filed in the case.

We do not consider it at all necessary to go behind the decree to ascertain any facts touching the alleged agreements or the authority to make them.

Attorneys appeared in Court and consented to it. In their discretion, they supposed, doubtless, that this was the best they could do for their clients; and we do not conceive ourselves called upon to supervise its exercise. It scarcely needed the multitude of authorities which the learned counsel for the Respondents have cited upon their brief, to show that a decree, fairly entered by consent of the Attorney, is as binding upon his client as a decree entered after the most pertinacious resistance. The judgment of counsel is trusted in the management and conduct of a lawsuit. He must decide, in the absence, at all events, of express instructions, whether or how long he will contest, what points he will take, and what abandon. (5 Johns. Ch. 568; 20 Johns. 668.) The rule is thus stated in *Gifford* v. *Thorn et al.* (1 Stockton, N. J. 722):

"To avoid its (a judgment's) conclusive operation, the complaint must show that the solicitor had no authority to appear. The presumption is in favor of his authority. Nor is it a material point of inquiry whether the solicitor exceeded his authority or departed from his instructions. If he was solicitor, the party was in Court, and the decree is binding." To the same effect is a long array of cases cited by the Respondent's counsel. In *Suy-*

*dam* v. *Pitcher*, (4 Cal. 281,) it is held that the appearance of an Attorney, whether authorized or not, is a good and sufficient appearance to bind the party, unless in cases of fraud or insolvency of the Attorney.

It cannot be pretended with reason that this decree was rendered by mistake. To make this defense availing, the mistake must be an excusable error, unmixed with any fault or negligence on the part of the party, or his Attorney; for the negligence or default of the Attorney in such cases is that of his principal. Here the Attorneys were in full possession of all the materials of the defense, and it is not pretended that by any practices of the plaintiff they were prevented from making it available. If we tolerated the principle invoked, it would lead to most serious evils. It would be to the interest of the party that his counsel should mismanage his case; since he could, by not waging his defense, place himself in a better position than if he used all diligence and effort on the trial.

We have not overlooked the statement in the bill which, with much indirectness, makes a qualified denial of the fact in the decree stated, that the parties consented, by their Attorneys, in open Court, to the decree. This qualified denial seems to be based on the fact that L. Blanding was the Attorney of plaintiff, and that he turned over the management of the case to his brother, who appeared in Court without further authority. It is not charged that the first named gentleman did not consent, nor that the acts of his representative were not fully approved by him. It would sometimes be a more convenient than just rule, if an Attorney, by merely getting a professional brother to represent him in a cause, could get all the advantages of a trial if he succeeded, and, if he did not, give his client the right to set aside the proceedings for want of authority in the acting Attorney. If the Attorney assented to the decree, the assent need not be made in open Court by words spoken by the Attorney. It might have as well been made by stipulation out of Court; for it is the fact that is effectual, not the mere mode of its authentication to the Court. If that assent existed at the time of the action of the Court, or the entering of the decree, it is enough. We are not to be understood as holding that the appearance of an Attorney wholly unauthorized, no fraud appearing and no allegation of his

insolvency, would give the party a right to assail the judgment upon that ground.    The cases in our own and other Courts seem to hold that it would not.

It would be a useless consumption of time to consider this case further, for we think it wholly barren of legal merits.

We have looked into the case which the bill has sought to make, and while we are far from imputing to the learned and respectable counsel in the original suit any improper, negligent or unprofessional conduct, it affords us gratification to say that the facts exhibited, and which seem to be sustained by the documentary evidence adduced, though they might not have affected the legal proposition or conclusion in the case referred to, relieve the defendant, I. E. Holmes, from imputations of professional or moral delinquency, which might be supposed to attach in consequence of a decree against him founded upon the charges of the bill of Laffan.    But we see no foundation for the claim of relief set up in this proceeding, and affirm the judgment on the demurrer.

On petition for rehearing, the following opinion was delivered by BALDWIN, J—TERRY, C. J. concurring :

This case was argued by Appellant's counsel at the bar.    We declined to hear Respondent's counsel, under an impression that this bill could not be sustained.    A speedy decision was desired by the Administrator, on the ground that this was necessary to the settlement of the affairs of the estate, and such cases we consider privileged.    We found on file elaborate briefs on both sides. Since the decision, a long and able printed argument, prepared before our opinion was delivered, has been filed.    We have read it attentively, but it has not changed our conclusion.    We omitted to notice specifically one or two points taken by the Appellant's counsel, but they fall within the doctrines laid down in the opinion.    Nor did we propose to follow the line of the argument of counsel.    It is not our habit to do so.    An opinion is not a controversial tract, much less a brief in reply to the counsel against whose views we decide.    It is merely a statement of conclusions, and of the principal reasons which have led us to them.    If we were to undertake to follow the elaborate arguments on both sides, and then in addition, to give our own views, the ex-

tent of our labors may be estimated by the fact, that in this case, not fewer, probably, than one hundred pages of printed matter have been employed in the argument.

We think that there is nothing in the point that some portion of property of Holmes, never owned by Laffan, or put in controversy in the suit of Laffan and Holmes, was covered by the decree. If the Attorney assented to the decree—this was no error —if the decree was erroneous for this, there was a right of appeal. There are several other answers. But we do not propose to go again into the subject.

We are satisfied that the judgment of this Court is right and deny the petition.