NARVÁEZ v. GONZÁLEZ.

APPEAL from the District Court of San Juan.

No. 461.—Decided March 28, 1910.

INJUNCTION — REVERSAL OF ORDER GRANTING SAME — INSUFFICIENCY OF THE APPLICATION THEREFOR.—An application for a writ of injunction to restrain

prosecution of mortgage foreclosure proceedings, made in an action wherein the annulment of the mortgage sought to be foreclosed is prayed for on the ground that the mortgage debtor was married and not a widower at the time the mortgage was constituted, must state that the mortgage debtor acquired such property from the products derived from property belonging to the conjugal partnership, because even upon the supposition that he was married when the mortgage was constituted, the property might belong to him exclusively and, in such a case, the consent of his wife would not be necessary to the validity of the mortgage.

ID.—EXTRAORDINARY REMEDIES—LACHES OF PETITIONER—REGISTRY OF PROPERTY.—In order that the petitioner may exercise the extraordinary remedy of injunction it is necessary that he shall not be guilty of laches, and, in this case, it appears from the record that, when the petitioner bought the incumbered properties affected by the mortgage, the annulment of which he now seeks, he should have known that it was mortgaged, since the mortgage deed had already been presented at the registry, and the books thereof are open to the public.

ID.—EXAMINATION OF BOOKS OF THE REGISTRY—RIGHTS AND DUTIES OF THE PURCHASER OF PROPERTY.—The purchaser of a property has a right to examine the books of the registry of property, in order to see whether any mortgage deed has been presented for record, and the registrar is obliged to give him the information and to permit him to examine the books. Every purchaser is presumed to have knowledge of a prior mortgage constituted on the property and presented at the registry for record, although the instrument may not have been recorded on the date the purchase is made.

ID.—MORTGAGED PROPERTY—MORTAGE DEBTOR—DEFECTIVE APPLICATION FOR INJUNCTION.—In this case the complaint and the application for the writ of injunction were not sufficient, in themselves, to show that the appearance of the wife was necessary to the execution of the mortgage, the annulment whereof is sought, and upon which the application for injunction is based, because it is alleged that the wife did not give her consent, either expressly or tacitly, to the constitution of the encumbrance, such consent being necessary because the husband acquired the property during the existence of the marriage; inasmuch as even supposing that these facts were true they, in themselves, would not be sufficient *prima facie* to warrant the issuance of a writ of injunction, because the husband might have acquired the property during the existence of the marriage, and the property might belong to nim personally and not to the conjugal partnership.

ID.—GREAT AND IRREPARABLE DAMAGE.—It is not sufficient to allege in the application that the petitioner will suffer great and irreparable damage, but the alleged facts must show in what respect the damages will be of such a character and especially when, as in the present case, pecuniary compensation could be obtained by the petitioner from the vendor, inasmuch as the fact that the property had been sold was concealed from him.

The facts are stated in the opinion.

*Mr. José Oller* for appellant.

The respondent did not appear.

MR. JUSTICE MACLEARY delivered the opinion of the court.

In this case the plaintiff made an application to a district judge for a preliminary writ of injunction, which was granted, but which was afterwards dissolved on the motion of the defendant. The order dissolving the said injunction from which this appeal was taken reads as follows:

"*Order.*—By deed of April 8, 1907, Antonio Chinea Rodríguez acknowledged that he owed Mr. Francisco Carrero y Alvarez the sum of $900 on a loan bearing no interest, and for the term of one year; and in order to secure the debt and $200 more for expenses he mortgaged the properties of said Chinea. The deed wherein such mortgage appeared was presented in the Register of Properties of San Juan on April 15 of said year 1907, and recorded on August 14, thereafter.

"While the recording of said mortgage was pending said Antonio Chinea Rodríguez sold the two properties to Julián Navárez by deed of May 30, 1907—that is to say, one month after the execution of said mortgage and some days after the presentation of same in the registrar's office for inscription. Nothing is said and no mention is made in such sale of the mortgage previously executed upon the properties. On January 23, 1909, Francisco Carrero y Alvarez transferred said mortgage to Antonio González y Fernández by a deed which was recorded in the register of properties. On March 19 the grantee or assignee, Antonio González, instituted the summary proceedings provided for in the Mortgage Law against Julián Narváez, the present owner of the property, which proceeding was discontinued by an order rendered by the second section of this district court, issued by virtue of an application for injunction made by Julián Narváez against Antonio González y Fernández, in a suit previously instituted by the former against Francisco Carrero y Alvarez in order that the mortgage deed and the inscription thereof might by declared null.

"It is stated in said suit, seeking the nullity of the mortgage, that when he bought from Chinea, it was not stated that any mortgage had been constituted upon the properties sold, but that thereafter he heard it, and it is a matter of which he is certain, that said properties appear to be mortgaged by Francisco Carrero for the sum of $900 as principal and $200 for expenses, such incumbrance appearing in the register of properties; and it is further alleged that in said mortgage deed Antonio Chinea appears as a widower, he then being and is now married to Aquilina Cheveres, who has not given her express

or implied consent for the execution of such lien, for which reason he prayed the nullity referred to.

"The application for injunction against Antonio González Fernández to stop the mortgage proceedings contains the same statement of facts as is contained in the summary proceedings instituted by the said Antonio González y Fernández, grantee of Francisco Carrero, that the properties will be sold at public auction and that irreparable and great damages will be occasioned to the petitioner.

"Antonio González has taken an appeal from the order rendered by the court suspending the mortgage proceedings, requesting the annulment and revocation of said order.

"Although the petition for injunction was not sworn to when it was presented, however, the court permitted and admitted the presentation of the oath when the petition in which the revocation was requested was discussed.

"From the foregoing we arrive at the conclusion that the present owner of the property, Julián Narváez, acknowledges that the mortgage was established by a public deed which was recorded in the register of properties, although this fact was not known by him when he bought said property and, therefore, that the reason he might have for refusing to make the payment would be that the document containing a loan and mortgage might be void because the consent of the wife did not appear therein, since Antonio Chinea was married and not a widower when he bound himself.

"In order that an injunction may issue, it is necessary that a clear right to the thing claimed appear *prima facie* on the petition, and in this case we do not think such a right appears, inasmuch as the reason alleged for the nullity of the mortgage is that Antonio Chinea was married and not a widower when he encumbered his properties, which fact is only apparent from the sworn application requesting the injunction, but, on the other hand, it is evident that the public deeds aver that he was a widower at the time the contract was executed, and further that the mortgage was recorded in the register of properties, which could not have been effected if it certainly appeared in such documents that the properties belonged to the conjugal partnership, and this is so, because we have to suppose, under the law of evidence, that all officials comply with their duties, and, therefore, that in this case the registrar complied with his duties; so that, if he recorded the mortgage, it was for the reason that the properties appeared in his books in such a condition that the consent of the wife was unnecessary to encumber the properties. Besides, in order that a right may be had to the extraordinary remedy of the

injunction, it is necessary that the party applying for it must not have incurred any fault, and from the foregoing it appears that when Julián Narváez bought the properties from Antonio Chinea he should have had knowledge of the fact that they were mortgaged, inasmuch as the deed of loan and mortgage had already been presented in the register and the books of that office can be inspected by the public.

"Furthermore, the complaint and petition for injunction are not sufficient *per se* to establish the necessity of the wife's appearance in the execution of the deed where the nullity is requested and on which the injunction depends, inasmuch as it is alleged that Aquilina Cheveres did not give her express or implied consent to levy such incumbrance and said consent was necessary because Antonio Chinea acquired the properties during his marriage to Aquilina Cheveres; and even if it was true, this fact by itself would not be sufficient, *prima facie,* to support of the petition, inasmuch as he could have acquired the properties during his marriage, and yet they might not belong to the conjugal partnership for the reason that they were his private properties.

"Furthermore, it is not sufficient to allege that petitioner might have suffered great and irreparable damages, but it is necessary to set forth the facts and circumstances whereby the damages became of such a nature, especially when in cases like the one at bar the petitioner might obtain from his vendor a pecuniary compensation on account of his having concealed from him the fact the property was encumbered.

"For these reasons we are of the opinion that the writ of injunction issued by this court on May 20, 1909, second section, discontinuing the summary proceedings instituted by Antonio González against Julián Narváez which are now being prosecuted in the first section, must be and is hereby dissolved without any special assessment of costs."

The appellant appears by his attorney and assigns as errors, alleged to have been committed by the district court in entering the said order dissolving the injunction, as follows:

"1st. The appellant alleges that the District Court of the Judicial District of San Juan, first section, committed an error upon deciding that a clear right to the thing claimed does not appear *prima facie*

from the petition because it is not stated therein that the properties involved were acquired with property pertaining to the conjugal partnership.

"2d. We also allege that the court committed an error in holding that the appellant has committed a fault, because he legally should have knowledge that the properties had been mortgaged, inasmuch as the books of the register of properties are public; and when the appellant acquired said properties the mortgage deed executed in favor of Carrero had already been presented in said register.

"3d. We likewise allege that the court committed an error in deciding that it is not sufficient that it be alleged in the complaint, and the application for injunction that the properties in question were acquired during the marriage of Antonio Chinea to Aquilina Cheveres, and that the consent of the wife was necessary to mortgage them; inasmuch as said properties might have been acquired with his property exclusively; and

"4th. We contend that the court committed an error in holding that the facts and circumstances tending to show that the petitioner suffered irreparable and great damages ought to be established, and that for this omission the injunction be dissolved."

Let us consider these propositions in the order in which they have been presented.

In discussing the first error assigned we may as well state distinctly that we concur with the district court in holding that it must appear *prima facie* from the petition for injunction that the mortgagor had acquired the property, which he afterwards mortgaged, with the proceeds of property belonging to the conjugal partnership. For if the property which is the subject of this litigation did not belong to the conjugal partnership, but may have been the separate property of the husband, then the mortgage would be valid and there would be no sufficient ground for the issuance of any injunction temporary or perpetual. This alleged error is certainly not well established. (Sec. 1314 of Civil Code.)

Considering the second assignment or error, we must conclude it to be unfounded. The books of the registrar's office are open to the public; and in making an examination of the title preparatory to purchasing a tract of land, the inves-

tigator has a right to inquire for any mortgages which may be on file awaiting registration and the registrar is bound to exhibit any such which may be in his custody. The purchaser is chargeable with notice of the prior mortgage, which had been presented for registration, although not actually registered at the date of his purchase; and the ruling of the district court so holding must be maintained. (Title IX of the Mortgage Law.)

In regard to the third error assigned we are of opinion that the petition for injunction is defective in merely asserting that the mortgagor was married at the date of the mortgage and appears in the mortgage deed as a widower. For though this may have been an untrue recital of the facts, still it may have been such a misstatement as caused no harm to any one; since it is possible that, though the mortgage was made without the consent of the mortgagor's wife, such consent may have been unnecessary, as in case the property mortgaged belonged exclusively to the husband and was not a part of the ganancial estate. In such a case the misstatement, while reprehensible, would not be of such a character as to render void the instrument in which the recital is contained. The petition for injunction should have alleged that the consent of the wife was necessary to the validity of the mortgage, or have set out facts showing that such consent was actually necessary under the statute. (Injunction Law, sec. 5, p. 87, Sess. Acts of 1906.)

In respect to the fourth error assigned, as supposed to have been committed by the court in dissolving the injunction, we certainly concur with the ruling of the court below. It is not sufficient merely to allege that the petitioner will suffer great and irreparable damages should the injunction be refused, but at least some of the facts tending to show the probability of such damages occurring should be stated to support such an allegation. Courts never grant injunctions unless the petition therefor shows some vested right in the plaintiff which is likely to suffer some great or irreparable

injury from the act which is threatened and which it is the design of the writ sought to prevent. Of course it is not necessary to set them forth with the greatest particularity but the facts themselves must be alleged and not mere conclusions arising from suppressed facts. (Acts concerning Injunctions, sec. 3, Sess. Acts of 1906, pp. 86 and 87.) (*Branch Turnpike Co.* v. *Board of Supervisors,* 13 Cal., 191; *City of Portland* v. *Baker,* 8 Oregon, 365; 1 High on Injunctions, secs. 34 and 35, pp. 32 and 33.)

Taking such views of the legal questions involved and decided by the court below in making the order from which this appeal was taken, we must conclude that the district court, under section 11 of the act concerning injunctions, committed no error in dissolving the preliminary injunction and that its action therein should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Figueras, Wolf and del Toro concurred.