Filed 5/17/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| TEENA COLEBROOK, | 2d Civil No. B305844 |
| Plaintiff and Appellant, | (Super. Ct. No. 19CV-0200) |
| | (San Luis Obispo County) |
| v. | |
| CIT BANK, N.A., | |
| Defendant and Respondent. | |

Teena Colebrook's present lawsuit involves the same primary right as three prior lawsuits that she brought against CIT Bank, N.A., respondent. She lost on the merits in all three prior lawsuits – one in the Los Angeles County Superior Court and two in the United States District Court. The Ninth Circuit Court of Appeals concluded that her appeal in one of the district court lawsuits was "frivolous." Division Two of the Second Appellate District affirmed the judgment in the prior superior court lawsuit. Undaunted, appellant filed the present lawsuit in the San Luis Obispo County Superior Court. She lost there, and she loses here in her appeal from the judgment. The prior adverse decisions by three trial and two appellate courts were not advisory opinions suggesting how appellant should proceed in

future.  Pursuant to the doctrine of res judicata, the decisions constitute final judgments on the merits precluding further litigation against respondent concerning the same primary right. As we indicated almost thirty years ago, "Somewhere along the line, litigation must cease." (*In re Marriage of Crook* (1992) 2 Cal.App.4th 1606, 1613.)  Although the present appeal is frivolous, we will not order sanctions to be imposed on appellant. But we caution appellant that further attempts to litigate the subject matter of this lawsuit will result in sanctions.

Appellant, in propria persona, appeals from the judgment entered after the trial court had sustained, without leave to amend, a demurrer filed by respondent.  She contends that the trial court erroneously ruled that her action for declaratory relief was barred by the doctrine of res judicata.  We affirm and review the doctrine of res judicata and principles that end repetitive and needless litigation.

*Factual and Procedural Background*

In 2004 a bank loaned appellant $400,000.  The loan was evidenced by a promissory note signed by appellant.  The note was secured by a deed of trust encumbering appellant's real property in Hawthorne, California.  The note was assigned to respondent.

In 2013 appellant defaulted on the note.  She was served with notice of default and election to sell pursuant to the deed of trust.  The Hawthorne property was sold at public auction on April 10, 2015.

In 2019 appellant, in propria persona, filed a complaint in the present lawsuit alleging that the promissory note was "fully satisfied on or about April 16th, 2015," six days after the sale of the property.  Relying upon Civil Code section 2941, subdivision

2

(b)(1), appellant sought declaratory relief that respondent must "execute and deliver to the trustee [pursuant to the deed of trust] the original note, deed of trust, request for a full reconveyance, and other documents as may be necessary to reconvey, or cause to be reconveyed, the deed of trust."[1]

Respondent demurred to the complaint. The trial court sustained the demurrer based on, inter alia, the doctrine of res judicata. We need not, and do not, reach other issues. (*Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1263-1264; *Homes v. Rogers* (1859) 13 Cal. 191, 202 [a litigant is not entitled to "a brief in reply to the counsel [or the litigant] against whose views we decide"].)

*Appellant's Prior Lawsuits Against Respondent*

Appellant's prior lawsuits were filed in 2011, 2014, and 2015. For various reasons, a pre-foreclosure 2011 lawsuit was

---

[1] Civil Code section 2941, subdivision (b)(1) provides, "Within 30 calendar days after the obligation secured by any deed of trust has been satisfied, the beneficiary or the assignee of the beneficiary shall execute and deliver to the trustee the original note, deed of trust, request for a full reconveyance, and other documents as may be necessary to reconvey, or cause to be reconveyed, the deed of trust." Section 2941, subdivision (b)(1) does not apply where, as here, title to the property has been transferred through a nonjudicial foreclosure sale at a public auction. "After the security is foreclosed by the power of sale, the interest of the trustor in the property is totally and finally terminated, and the trustor has no further rights in the property. Neither the trustor nor any other person having an interest in the property can redeem or otherwise recover the property regardless of any willingness to pay the debt." (5 Miller & Starr, Cal. Real Estate (4th ed. Nov. 2020 update) § 13:266.)

3

dismissed in federal court with prejudice and without leave to amend. The 2014 lawsuit was dismissed in federal court on res judicata grounds without leave to amend. In the 2014 lawsuit the United States District Court concluded: "[I]n both [the 2011 and 2014] Complaints [appellant] brings causes of action that resulted from [respondent's] alleged wrongful acts in connection with the creation and transfer of the same loan. These Complaints arise from the same transactional nucleus of facts and, therefore, the 2011 Lawsuit bars claims brought in this [the 2014] Complaint." The Ninth Circuit Court of Appeals found appellant's appeal "frivolous." It summarily affirmed the district court's order granting respondent's motion to dismiss.

The 2015 third lawsuit was filed in Los Angeles County Superior Court. The trial court sustained the demurrer without leave to amend, ruling that the principles of res judicata and collateral estoppel barred all of the causes of action.

The Court of Appeal affirmed. (*Colebrook, et al. v. CIT Bank, N.A.* (Apr. 25, 2018, B279942) [nonpub. opn.], hereafter "prior Court of Appeal opinion.") It concluded that the doctrine of res judicata barred the 2015 lawsuit's causes of action because they were either adjudicated in the 2011 and 2014 lawsuits or could have been raised in the 2014 lawsuit. The court reasoned that all of the actions involved the same injury – the loss of appellant's interest in the Hawthorne property.

*No Error in Sustaining Demurrer without*
*Leave to Amend Based on Res Judicata*

"California's res judicata doctrine is based upon the primary right theory. . . . [¶] 'The primary right theory is a theory of code pleading that has long been followed in California. It provides that a "cause of action" is comprised of a "primary

4

right" of the plaintiff, a corresponding "primary duty" of the defendant, and a wrongful act by the defendant constituting a breach of that duty. [Citation.] The most salient characteristic of a primary right is that it is indivisible: the violation of a single primary right gives rise to but a single cause of action. [Citation.] . . . [¶] 'As far as its content is concerned, the primary right is simply the plaintiff's right to be free from the particular injury suffered. [Citation.] It must therefore be distinguished from the *legal theory* on which liability for that injury is premised: "Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief." [Citation.] The primary right must also be distinguished from the *remedy* sought: "The violation of one primary right constitutes a single cause of action, though it may entitle the injured party to many forms of relief, and the relief is not to be confounded with the cause of action, one not being determinative of the other." [Citation.] [¶] 'The primary right theory . . . is invoked . . . when a plaintiff attempts to divide a primary right and enforce it in two suits. The theory prevents this result by either of two means: (1) if the first suit is still pending when the second is filed, the defendant in the second suit may plead that fact in abatement [citations]; or (2) if the first suit has terminated in a judgment on the merits adverse to the plaintiff, the defendant in the second suit may set up that judgment as a bar under the principles of res judicata.'" (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 904; see also *Acuna v. The Regents of the University of California* (1997) 56 Cal.App.4th 639, 648-649.)

The prior judgments bar the present action for declaratory relief. In the present action, the primary right alleged to have

5

been violated is appellant's ownership interest in the property. In the prior Court of Appeal opinion, the court noted that the 2011, 2014, and 2015 lawsuits had alleged a violation of the same primary right. The court observed, "The third amended complaint [in the 2015 lawsuit] alleges that [respondent] 'deprive[d] [appellant] of her property through an illegal and void foreclosure sale' and that as a result of [respondent's] unlawful conduct, [appellant] 'has suffered the loss of the Property, and the loss of use of the Property.'"

Appellant contends that res judicata does not apply because the factual and legal issues in the present lawsuit are different from those in the prior lawsuits. She claims that in the present lawsuit she "relies on facts that occurred after the previous law suits." "Because [her] . . . Complaint relies on facts that occurred after the previous law suits [that] Respondent[] rel[ies] upon in support of [its] res judicata argument, [its] Demurrer must be overruled." But all of her claims are premised upon and flow from respondent's allegedly wrongful interference with her ownership rights in the Hawthorne property. She has consistently sought to vindicate the same "primary right." Moreover, the last amended complaint in the 2015 lawsuit was filed on May 19, 2016, more than one year after the promissory note had allegedly been satisfied on April 16, 2015. Thus, in the 2015 lawsuit appellant could have sought leave to add a cause of action for declaratory relief as to respondent's duties pursuant to Civil Code section 2941. "Res judicata bars 'not only the reopening of the original controversy, but also subsequent litigation of all issues which were or could have been raised in the original suit.'" (*Torrey Pines Bank v. Superior Court* (1989) 216 Cal.App.3d 813, 821.)

6

The following statement in the prior Court of Appeal opinion applies in the present case: "The instant action involves the same injury – [appellant's] loss of her interest in the property – as her prior lawsuits. That injury arises out of the same loan, and involves the same property and the same parties. Res judicata bars all of the causes of action asserted by [appellant]. The trial court did not err by sustaining [respondent's] demurrer, without leave to amend . . . ."

Four trial courts and three appellate courts have now ruled against appellant. It is time for her to accept that she may not relitigate this claim. As the late Judge Rugerro Aldisert said: "'Basta!'" This Italian exclamation translates to "Enough." (*United States v. Desmond* (1982) 670 F.2d 414, 420 (dis. opn).)

*Disposition*

The judgment is affirmed.

<u>CERTIFIED FOR PUBLICATION.</u>


YEGAN, J.


We concur:


GILBERT, P. J.


PERREN, J.


7

Tana L. Coates, Judge

Superior Court County of San Luis Obispo

_____

Teena Colebrook, in propria persona, for Plaintiff and Appellant.

Allen Matkins Leck Gamble Mallory & Natsis, Timothy B. McGinity and Rachel M. Sanders, for Defendant and Respondent.